**No. P67/287.**—Dayco Corp. *v.* United States, protest 66/76176 (New York).

WATSON, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of panels, sheets, and bars, made from and advanced beyond the stage of synthetic resin or resin-like products into finished panels, sheets, and bars of specific sizes and shapes dedicated to specific uses, similar to manufactures of india rubber, other, and following *Hensel, Bruckmann & Lorbacher, Inc.* v. *United States* (53 Cust. Ct. 212, C.D. 2498), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 5, 1967

**No. P67/288.**—The Rembar Co., Inc. *v.* United States, protests 64/333, etc. (New York).

RAO, C. J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of trays (boats) similar in all material respects to those the subject of *The Rembar Co., Inc.* v. *United States* (57 Cust. Ct. 239, C.D. 2774), the claim of the plaintiff was sustained.

**No. P67/289.**—Brown Boveri Corp. and Gehrig, Hoban & Co., Inc. *v.* United States, protests 242404–K, etc. (New York).

FORD, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of voltage regulators and parts, which are essential components of, and dedicated to use therewith, the same in all material respects as those the subject of *Brown Boveri Corp.* and *Gehrig Hoban & Co., Inc.* v. *United States* (40 Cust. Ct. 168, C.D. 1978), the claim of the plaintiffs was sustained.